IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:05-CR-43-FL
NO. 7:09-CV-156-FL

| | |
|---|---|
| **GENE ELWOOD MOORE, JR.,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| **UNITED STATES OF AMERICA**, ) | |
| Respondent. ) | |
| _____ ) | |

This cause comes before the Court upon the Government's Motion to Dismiss (DE-65) Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("Motion to Vacate") (DE-57). Petitioner has not properly filed a response and the time for doing so has expired[1]. Accordingly, the Government's Motion to Dismiss is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1) this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss (DE-65) be GRANTED and that Petitioner's Motion to Vacate (DE-57) be DENIED.

**I. Background**

Petitioner was charged on April 27, 2005 with being a felon in possession of a firearm (DE-1). On July 18, 2005, Petitioner pleaded guilty to this charge (DE-12). This guilty plea was memorialized in a written agreement and approved by this Court following a hearing

---

[1] On February 8, 2010 a pleading was returned to Petitioner because he failed to sign it (DE-68). Petitioner did not re-file a signed pleading.

pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

In his plea agreement, Petitioner agreed to:

> . . . plead guilty to the Indictment herein . . .
>
> . . . To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any postconviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law . . .
>
> . . .To waive all rights, whether asserted directly or through a representative, to request or receive from the United States any records pertaining to the investigation or prosecution of this matter, except as provided in the Federal Rules of Criminal Procedure. This waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.
> (DE-12, pg. 1-3).

Likewise, during his Rule 11 hearing Petitioner testified that:

> . . . THE COURT: Have you taken any drugs or drunk any alcohol in the last day?
>
> THE DEFENDANT: No, ma'am.
>
> THE COURT: Have you ever been hospitalized for an addiction?
>
> THE DEFENDANT: No, ma'am.
>
> THE COURT: Are you under the care now of a doctor or a psychiatrist for any kind of issue?

2

THE DEFENDANT: No, ma'am.

THE COURT: Have you had any trouble talking with Ms. Adams or understanding her advice to you?

THE DEFENDANT: No, ma'am . . .

 . . . THE COURT: . . . have you seen the indictment?

THE DEFENDANT: Yes, ma'am.

THE COURT: Have you read it?

THE DEFENDANT: Yes, ma'am.

THE COURT: Have you talked about it with your attorney?

THE DEFENDANT: Yes, ma'am . . .

 . . . THE COURT: . . . Do you understand what you're charged with?

THE DEFENDANT: Yes, ma'am.

THE COURT: Have you had enough time to prepare your case with assistance of counsel?

THE DEFENDANT: Yes, ma'am.

THE COURT: Are you satisfied with the federal public defender's service to you?

THE DEFENDANT: Yes, ma'am . . .

 . . . THE COURT: How do you wish to plead?

THE DEFENDANT: Guilty . . .

 . . . THE COURT: Mr. Moore, you're under oath. Do you understand if you answer a question with a false answer, that that could cause you to be the subject of another prosecution?

THE DEFENDANT: Yes, ma'am.

THE COURT: There's a plea agreement. Did you sign it?

THE DEFENDANT: Yes, ma'am.

THE COURT: Did you read it before you put your name on page 8?

THE DEFENDANT: Yes, ma'am.

THE COURT: Did you talk with [your attorney] before you signed it?

THE DEFENDANT: Yes, ma'am.

THE COURT: All right. Does this plea agreement represent in its entirety --is this the whole of your agreement with the government? Is there anything else out there, is there any other agreement that didn't make its way into this plea agreement that caused you to sign the agreement or to plead guilty?

THE DEFENDANT: No, ma'am.

THE COURT: Okay. Did anybody force you into pleading guilty or to sign this?

THE DEFENDANT: No, ma'am.

THE COURT: Did you understand all of the words and phrases that are in these eight pages before you signed. it?

THE DEFENDANT: Yes, ma'am.

THE COURT: For example, you've agreed to make restitution. You've also agreed to waive very valuable appellate rights, those continuing on to page 2. Do you understand you've entered into a plea agreement with these waivers?

THE DEFENDANT: Yes, ma'am . . .

 . . .THE COURT:  Have you been honest in all of your answers?

THE DEFENDANT: Yes, ma'am.

4

> THE COURT: Is there any other information or advice that you want?
>
> THE DEFENDANT: No, ma'am.
> (Rule 11 Tr. 11-19).

Petitioner failed to appear for a sentencing hearing scheduled for November 16, 2005. He ultimately appeared once he was apprehended after the issuance of an arrest warrant (DE's 15 & 18). On August 21, 2006 Petitioner was sentenced to a total of 120 months imprisonment (DE-24). A Notice of Appeal was filed by Petitioner on August 23, 2006 (DE-22). The Fourth Circuit affirmed Petitioner's conviction and sentence on June 30, 2008 (DE-54). In doing so, the Fourth Circuit stated that "the district court fully complied with the mandates of Rule 11 in accepting Moore's guilty plea and ensured that Moore entered his plea knowingly and voluntarily and that the plea was supported by an independent factual basis"(DE-54, pg. 2). Finally, Petitioner filed the instant motion on September 22, 2009 (DE-57).

## II. Legal Standards

### A. Motion to Dismiss

Defendant has filed their motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint...." [Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir.1999)](). To survive a Rule 12(b)(6) motion, a plaintiff must " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " [Erickson v. Pardus, 551 U.S. 89, 93 (2007)]() (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The facts alleged must

"raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 1950. Without such "heft," *Id.* at 1947, claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability," *Id.* at 1949, fail to nudge claims "across the line from conceivable to plausible." *Id.* at 1951 (quotations omitted)

Plaintiff, as a *pro se* litigant, is entitled to have his pleadings construed more liberally than those drafted by attorneys. *See* Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, there are limits to which the court may legitimately go in construing such complaints. *See* Beaudett v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

**B. 28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the

6

sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

"In a §2255 proceeding, the burden is on the petitioner to prove his allegations by a preponderance of the evidence, not on the government to disprove them." Abdul-Aziz v. United States, 2008 WL 4238943, *5 (N.D.W.Va. Spt. 12, 2008) (unpublished decision) (citing Sutton v. United States v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006) (unpublished decision)); see also, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (stating that during a "proceeding under 28 U.S.C. § 2255 . . . the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . .").

## C.  Effect of Petitioner's Guilty Plea

A valid guilty plea constitutes admission of the material elements of the crime. McCarthy v. United States, 394 U.S. 459, 466 (1969). The sworn representations made by a criminal defendant at plea proceedings " carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Furthermore, a guilty plea normally waives any claim based on non-jurisdictional errors occurring prior to the plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973). In Tollett, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty. The Supreme Court held that, "[t]he focus of federal habeas inquiry is the nature of [defense counsel's] advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." Id. at 266-67. Thus, in a collateral attack, petitioner may only challenge the

7

voluntary and intelligent character of a plea, such as by demonstrating that he received ineffective assistance of counsel. Id.

Notably, statements made by a defendant during a hearing to accept a guilty plea are subject to a strong presumption of veracity, and challenges under 28 U.S.C. § 2255 that contradict these statements may generally be dismissed:

> [A] defendant's solemn declarations in open court . . . 'carry a strong presumption of verity . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy . . . Indeed, because they do carry such a presumption, they present a formidable barrier in any subsequent collateral proceedings . . . Thus, in the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false" . . .
>
> Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated – permitting quick disposition of baseless collateral attacks.
> U.S. v. Lemaster, 403 F.3d 216, 221-222 (4th Cir. 2005)(internal citations and quotations omitted).

8

**D. Ineffective Assistance of Counsel**

Petitioner contends that he received ineffective assistance of counsel. To prevail on his claims of ineffective assistance, petitioner must satisfy two well-established requirements. First, he "must show that counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). *See also* Satcher v. Pruitt, 126 F.3d 561, 572 (4th Cir. 1997), *cert. denied* 522 U.S. 1010 (1997). Review of counsel's performance in this regard is highly differential. Strickland, 466 U.S. at 689. Second, petitioner must also demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. *See also* Satcher, 126 F.3d at 57.

**III. Analysis**

As an initial matter, the undersigned notes that Petitioner has waived his right to contest his conviction or sentence, including by § 2255 motion, except for an appeal or motion based upon ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea (DE-12). Also, to the extent Petitioner failed to bring his claims on direct appeal, they are procedurally defaulted. Bousley v. United States, 523 U.S. 614 (1998); *see also* Stone v.Powell, 428 U.S. 465 (1976). Indeed:

> [i]t is well settled non-constitutional issues that could have been raised on direct appeal but were not may not be raised in a collateral attack such as a § 2255 motion. Sunal v. Large, 332 U.S. 174, 178-79, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947); Bousley v. United States, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828

> (1998). Constitutional errors that were capable of being raised on direct appeal but were not may be raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir.1994). In establishing "prejudice," the petitioner must show the error worked to his "actual and substantial disadvantage," rather than merely created a possibility of prejudice. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir .1997) (*quoting* Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). In the alternative to establishing "cause" and "prejudice," the petitioner may demonstrate "actual innocence," or that "it is more likely than not, in light of all the evidence, that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). In such an event, the court should issue a writ of habeas corpus to prevent a "miscarriage of justice," regardless of whether the issue was procedurally defaulted. Hurdle v. United States, 2007 U.S. Dist. LEXIS 37709, at *6-7, 2007 WL 1555779 (E.D.Va. May 22, 2007) (relying on Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Finally, issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir.1976).
>
> Carter v. United States, 2009 WL 2709362, * 8 (N.D.W.Va. August 26, 2009)(internal emphasis omitted).

To this end, Petitioner has not demonstrated cause, prejudice or his actual innocence. Conversely, several of his arguments have already been rejected by the Fourth Circuit.

For these reasons and others, Petitioner's Motion to Vacate fails to state any valid claim. In his Motion to Vacate Petitioner asserts that: 1) he suffers from "[p]ost-traumatic stress disorder due to being a victim of a shooting at fifteen . . ." 2) his "due process rights [were] violated . . . [because he] asserted . . .[his] right to a lawyer . . . at the onset of questioning"; 3) his "[q]uestioning took place during greater than moderate intoxication . .

10

."; 4) his guilty plea "was induced by [his] . . . attorney . . ."; 5) his attorney was ineffective at sentencing; 6) "[s]imilarly situated individuals were not proceeded against for the same 'conduct'"; and 7) he was improperly denied credit for acceptance of responsibility at sentencing (DE-57, pg. 4-11).

These claims are not "plausible on [their] face" and should be dismissed. Twombly, 550 U .S. at 555, 570. In addition, Petitioner's assertions in his Motion to Vacate directly contradict his sworn statements made during a Rule 11 colloquy. Therefore, they are hereby deemed 'palpably incredible' and 'patently frivolous or false.' " Lemaster, 403 F.3d at 221 (*quoting* Crawford v. United States, 519 F.2d 347, 350 (4th Cir.1975)). Likewise, the vast majority of Petitioner's are barred by his Plea Agreement.

Finally, as noted above, several of Plaintiff's claims have already been considered by the Fourth Circuit. Specifically, on June 30, 2008 the Fourth Circuit stated, "[w]e find no abuse of discretion in the district court's imposition of a sentence . . .we have reviewed the entire record for any meritorious issues and have found none" (DE-54, pg. 3).

In short, Petitioner's claims: 1) are without merit; 2) directly contradict his sworn statements made during a Rule 11 colloquy; 3) are barred by his Plea Agreement; and/or 4) are procedurally barred because they have already been rejected on direct appeal.

## IV. Conclusion

For the aforementioned reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss (DE-65) be GRANTED and that Petitioner's Motion to Vacate (DE-57) be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 7th day of April, 2010.

_____
William A. Webb
U.S. Magistrate Judge