IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:05-CR-43-FL
NO. 7:09-CV-156-FL

| | |
|---|---|
| GENE ELWOOD MOORE, JR. ) | |
| ) | |
| Petitioner, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on respondent's motion to dismiss petitioner's action seeking to vacate his sentence under 28 U.S.C. § 2255 (DE # 65). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") addressing respondent's motion (DE # 69). The magistrate judge recommends that the court grant respondent's motion to dismiss and deny petitioner's motion to vacate. No objections to the M&R have been filed, and the time within which to make any objection has expired. In this posture, the matters raised are ripe for ruling.

On July 18, 2005, petitioner, pursuant to a written plea agreement, pleaded guilty to possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). On August 21, 2006, petitioner was sentenced to a term of imprisonment of one hundred and twenty (120) months. Petitioners' conviction and sentence were upheld on direct appeal. See United States v. Moore, 282 F. App'x 294 (4th Cir. 2008) (per curiam) (unpublished).

On September 22, 2009, petitioner moved to vacate his sentence pursuant to 28 U.S.C. § 2255, raising seven grounds for relief. On January 8, 2010, respondent moved to dismiss the

§ 2255 petition pursuant to Rule 12(b)(6). Respondent argues that petitioner's guilty plea forecloses any post-conviction attack, that petitioner's claims are procedurally defaulted, that petitioner has failed to plead facts to demonstrate ineffective assistance of counsel, and that petitioner's sentence has already been affirmed on direct appeal.

In his M&R, the magistrate judge recommends granting the motion to dismiss for the reasons given by the government. The magistrate judge notes that petitioner may not challenge the his guilty plea where that challenge is premised on arguments that directly contradict petitioner's solemn declarations made at the properly-conducted Rule 11 hearing.* See United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005). Moreover, petitioner's guilty plea waives any challenge to non-jurisdictional errors occurring prior to his plea, see Tollett v. Henderson, 411 U.S. 258, 267 (1973), and by its terms waives any challenge to petitioner's conviction or sentence except where based on ineffective assistance of counsel or prosecutorial misconduct not known to petitioner at the time of his guilty plea. The magistrate judge finds that petitioner's claims, to the extent they raise questions of ineffective assistance or prosecutorial misconduct, are premised on information known to defendant at the time of his plea and/or are facially without merit in light of the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984).

Moreover, to the extent petitioner did not previously raise before the Fourth Circuit those issues in his § 2255 petition capable of adjudication on direct appeal, they are procedurally defaulted,

---

* Rejecting petitioner's challenge to the Rule 11 proceeding on direct appeal, the Fourth Circuit stated: Counsel raises as a potential issue the adequacy of the plea hearing but does not specify any deficiencies in the district court's Rule 11 inquiries. Our careful review of the record convinces us that the district court fully complied with the mandates of Rule 11 in accepting Moore's guilty plea and ensured that Moore entered his plea knowingly and voluntarily and that the plea was supported by an independent factual basis.
United States v. Moore, 282 F. App'x at 295.

2

see Bousley v. United States, 523 U.S. 614 (1998); Stone v. Powell, 428 U.S. 465 (1976), and petitioner has not set forth facts that would demonstrate cause, prejudice, or actual innocence as need to overcome this procedural bar, see United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). Finally, to the extent that the Fourth Circuit has already rejected any of petitioner's arguments on direct appeal, they may not now be raised in a collateral attack, see Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976).

Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In the absence of a specific and timely filed objection, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Here, upon a careful and considered review of the pleadings and motions of record, the court finds the magistrate judge's suggested disposition to be the correct application of controlling law to the facts of this case.

Accordingly, the court ADOPTS the recommendation and findings of the magistrate judge (DE # 69). Respondent's motion to dismiss (DE # 65) is ALLOWED and petitioner's § 2255 petition (DE # 57) is DISMISSED.

SO ORDERED, this the 17th day of June, 2010

LOUISE W. FLANAGAN
Chief United States District Judge

3